UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEY TIMMINS,<br><br>        Plaintiff,<br><br>    v.<br><br>WALMART, INC.,<br><br>        Defendant. | No. 2:24-cv-02960-DJC-JDP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

Plaintiff purchased baby petroleum jelly advertised as hypoallergenic. She later learned the jelly contained fragrance, which she alleges is a known allergen. Plaintiff brought state law claims against Defendant for false advertisement, misrepresentation, and violation of warranty. Defendant moves to dismiss all claims, arguing that Plaintiff's allegations are insufficient. Principally, Defendant argues that the term hypoallergenic on the front label was sufficiently vague such that Plaintiff should have looked to the back label for additional information, particularly because the Product advertised having a "Fresh Scent." For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss (ECF No. 9).

## BACKGROUND

In 2022, Lacey Timmins ("Plaintiff") purchased Walmart, Inc.'s ("Defendant") Baby Petroleum Jelly Skin Protectant ("the Product") to alleviate her son's eczema and diaper rash. (Compl. ¶¶ 3, 7, ECF No. 1.) Before purchasing the Product, she saw that the front label represented the Product as "hypoallergenic." (*Id*. ¶ 8.) Plaintiff alleges that a reasonable consumer understands the term "hypoallergenic" to mean "a

1  product [that] is specifically formulated to minimize the risk of allergic reactions and is
2  free from common allergens." (*Id.* ¶ 5.) The front label also represented the Product
3  as having a "Fresh Scent." (*Id.* at 5.) Plaintiff alleges that the Product's back label lists
4  "fragrance" as an "inactive ingredient." (*Id.* ¶ 23.) Because Plaintiff alleges that
5  "fragrance" is a common allergen, she maintains that Defendant's representation of
6  "hypoallergenic" was false and misleading. (*Id.* ¶¶ 24–25.)
7          Plaintiff filed her complaint ("the Complaint"), bringing seven claims on behalf
8  of a putative class: (1) violations of California's Unfair Competition Law ("UCL"); (2)
9  violations of California's False Advertising Law ("FAL"); (3) violations of California's
10 Consumer Legal Remedies Act ("CLRA"); (4) breach of implied warranty; (5) breach of
11 express warranty; (6) unjust enrichment; and (7) fraud by omission/ intentional
12 misrepresentation. (*Id.* ¶¶ 75–146.) Defendant now moves to dismiss all claims for the
13 reasons analyzed below. (Mot., ECF No. 9.) The matter is fully briefed. On March 6,
14 2025, the Court heard oral argument from the parties on this motion and took the
15 matter under submission. (ECF No. 15.)

## LEGAL STANDARD

17         A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to
18 state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a
19 motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter,
20 accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*
21 *Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Plausibility
22 requires "factual content that allows the court to draw the reasonable inference that
23 the defendant is liable for the misconduct alleged." *Id.* While "detailed factual
24 allegations" are unnecessary, the complaint must allege more than "[t]hreadbare
25 recitals of the elements of a cause of action, supported by mere conclusory
26 statements." *Id.* Conclusory allegations are not to be considered in the plausibility
27 analysis. *Id.* at 679 ("While legal conclusions can provide the framework of a
28 complaint, they must be supported by factual allegations.").

**DISCUSSION**

**I.    Sufficiency of Fraud-Based Allegations**

Defendant contends that Plaintiff fails to sufficiently plead her UCL, FAL, CLRA, unjust enrichment, and fraud by omission/ intentional misrepresentation claims. (Mot. at 8.)  Defendant presents three arguments: (1) Plaintiff did not satisfy Federal Rule of Civil Procedure 9(b) because she did not plead with particularity the details of the alleged fraud; (2) Plaintiff did not provide factual allegations showing that "hypoallergenic" is false or misleading; and (3) Plaintiff did not plausibly allege that a reasonable consumer would be misled by the Product's label.  The Court addresses these issues in turn.

**A.  Rule 9(b)**

Defendant contends that Plaintiff fails to satisfy Rule 9(b).  (Mot. at 8.) Allegations based in fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation omitted).  "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (cleaned up).

Plaintiff sufficiently alleges the "who, what, when, where, and how" of the misconduct charged.  *See Kearns*, 567 F.3d at 1124 (citation omitted).  The "who" is Defendant. (Compl. ¶ 3.)  The "what" is the Product, specifically the front label's representation that it is "hypoallergenic." (*Id.* ¶¶ 3–4.)  The "where" is Defendant's stores where the Product is sold. (*Id.* ¶ 65.)  The "when" is sometime in 2022 or, as Plaintiff defines the class, every transaction since October 28, 2020. (*Id.* ¶¶ 7, 65.) The "how" is that the Product contains fragrance, which is a common allergen, and therefore the Product is allegedly not "hypoallergenic" as advertised. (*Id.* ¶ 4.)

Defendant argues that Plaintiff has not sufficiently pled the "when," "what," or

3

"how" of the alleged fraud. (Mot. at 8–9.) Regarding the "when," Defendant contends Plaintiff's allegation of purchasing the Product "in 2022" is not specific enough. (*Id.* (citing Compl. ¶ 7).) To support its argument, Defendant relies on *Buckley v. BMW North America*, where the district court held that plaintiff's allegation of "the middle of September" was not precise enough because their allegations concerned representations made by the defendant's sales agents. *Buckley v. BMW N. Am.*, No. CV 19-1255-MWF-SS, 2020 WL 3802905, at *2 (C.D. Cal. Mar. 9, 2020). The *Buckley* court held that, to prepare an adequate answer, the defendant needed more information to determine the identity of the sale agents and therefore be on notice of the misconduct alleged. *Id.* at *11. However, *Buckley* is distinct from the present action because, while the defendant there needed more precise information to identify the transaction where the alleged fraud occurred, Defendant here has not shown that it needs further details of the charged misconduct. Defendant fails to explain how it is unable to answer the Complaint without more specificity as to when Plaintiff purchased the Product in 2022. As Plaintiff alleges, and the Court accepts as true for purposes of this motion, the Product's packaging has been consistent for the last four years, which means the label has stayed the same since October 28, 2020. (Compl. ¶ 34.)

Regarding the "what" and "how" of the fraud, Defendant argues Plaintiff must allege what she believed "hypoallergenic" to mean, as well as how she came to learn that the Product was not free of common allergens. (Mot. at 9.) Defendant fails to explain why Plaintiff's knowledge of the term "hypoallergenic" is necessary to put it on notice of the alleged fraud.[1] Likewise, Defendant fails to explain why it needs to know when Plaintiff learned that the Product was not free of common allergens. Defendant is on notice of the charged misconduct without such allegations.

---

[1] Similarly, Defendant's argument concerning Plaintiff's litigation in the related case is also irrelevant to the analysis of her claims here, especially because Plaintiff brought her other action for a product she purchased in 2023–a year after she purchased the Product. (*See* Reply at 6, ECF No. 12; *Lacey Timmins v. Unilever United States, Inc.*, 2:24-cv-03017-DJC-JDP (E.D. Cal.).)

4

1       Accordingly, Plaintiff's allegations comply with Rule 9(b) because they give

2 Defendant "notice of the particular misconduct which is alleged to constitute the

3 fraud charged" so that it can defend against the charge.  *See Swartz*, 476 F.3d at 764.

4     **B.  Whether the Label Is False or Misleading**

5       Defendant argues that Plaintiff fails to allege sufficient facts showing that

6 "hypoallergenic" is false or misleading.  (Mot. at 9.)  Defendant relies on *Aloudi v.*

7 *Intramedic Research Group, LLC*, where the Ninth Circuit held that the plaintiff failed

8 to allege sufficient facts to support a claim that a product's representation of being

9 "clinically proven" to "provide a significant reduction in actual body mass index" was

10 false.  729 F. App'x 514, 515–16 (9th Cir. 2017).  In the *Aloudi* complaint, plaintiff

11 alleged that rapid weight loss was "medically impossible without drastic medical

12 intervention or serious illness," cited a study concerning a different product, and pled

13 that he did not lose weight after taking the product as directed.  *Id.* at 516–17.  The

14 Ninth Circuit held that these factual allegations did not support a claim that the

15 specific representation of the product was false.  *Id.* at 517.

16       *Aloudi* is distinguishable because Plaintiff here has alleged specific facts about

17 why the representation of the Product being "hypoallergenic" was false and

18 misleading.  Plaintiff defines "hypoallergenic" as "a Product [that] is specifically

19 formulated to minimize the risk of allergic reactions and is free from common

20 allergens." (Compl. ¶ 5).  She includes dictionary definitions that "hypoallergenic"

21 means "having little likelihood of causing an allergic reaction" or "designed to reduce

22 or minimize the possibility of an allergic response." (*Id.* ¶ 21.)  Plaintiff further alleges

23 that the front label representation of "hypoallergenic" was incorrect because the

24 Product contained the ingredient "fragrance," which is "one of the most common

25 allergens and skin irritants, and a leading cause of allergic contact dermatitis

26 according to the American Academy of Dermatology ('AAD').  The AAD estimates

27 about 2.5 million Americans have fragrance allergies." (*Id.* ¶¶ 24–25.)  Plaintiff pleads

28 that fragrance can cause allergic reactions, including on a cellular level.  (*Id.* ¶¶ 27–

28.)  Taken together, the Court holds that these factual allegations sufficiently support Plaintiff's claim that the Product was false or misleading.

**C. Reasonable Consumer**

Defendant argues that Plaintiff does not plausibly allege that a reasonable consumer would be misled by the Product's label.  (Mot. at 11.)  "[C]laims under the UCL, FAL, and CLRA are governed by the 'reasonable consumer' standard," which requires a plaintiff to "show that members of the public are likely to be deceived." *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023) (internal quotations and citations omitted).  Courts begin this analysis by focusing on the front label, and they may consider the back label of a product only if the front label creates ambiguity such that "reasonable consumers would necessarily require more information before they could reasonably conclude that the front label was making a specific representation."  *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 780 (9th Cir. 2024) (internal quotations and citations omitted).  "California courts . . . have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for" a motion to dismiss.  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

The Court is guided by the Ninth Circuit's recent decision in *Souter v. Edgewell Personal Care Co.*, where the plaintiff purchased Wet Ones Hand Wipes advertised as "hypoallergenic" on the label.[2]  No. 22-55898, 2023 WL 5011747, at *1 (9th Cir. Aug. 7, 2023).  Relying on a dictionary definition, the plaintiff alleged in the complaint that a reasonable consumer would believe "hypoallergenic" meant the Hand Wipes were "designed to reduce or minimize the possibility of an allergic response, as by containing relatively few or no potentially irritating substances."  *Id.* at *2.  The district court proposed its own definition of "hypoallergenic" and dismissed the plaintiff's

---

[2] Defendant points out that *Souter* is unpublished and therefore not precedential.  (Reply at 8.)  Because *Souter* was decided after 2006, the Court relies on it as persuasive authority.  Fed. R. App. P. 32.1; *see also* Ninth Circuit Rule 36-3.

claims, holding that she failed to allege "that a reasonable consumer would assume that the Hand Wipes have 'no potential allergens.'" *Id.* at *3. The Ninth Circuit reversed, holding, "At the motion to dismiss stage, it was improper for the district court to select between competing plausible interpretations of an ambiguous term." *Id.*

Defendant argues that *Souter* is inapposite because Plaintiff does not plead a plausible definition of "hypoallergenic."[3] (Mot. at 12.) Plaintiff defines "hypoallergenic" as "a Product [that] is specifically formulated to minimize the risk of allergic reactions and is free from common allergens." (Compl. ¶ 5). This definition is substantially similar to the definition the plaintiff offered in *Souter*. *See* 2023 WL 5011747, at *2 (defining the term as meaning the product was "designed to reduce or minimize the possibility of an allergic response, as by containing relatively few or no potentially irritating substances"). Plaintiff also bases her interpretation on dictionary definitions that define "hypoallergenic" as "having little likelihood of causing an allergic reaction" or "designed to reduce or minimize the possibility of an allergic response." (Compl. ¶ 21.) As such, the Court holds that Plaintiff's definition is plausible. Even if Defendant or the Court could construct a competing plausible definition, it would be improper at this stage for the Court to "select between competing plausible interpretations of an ambiguous term." *See Souter*, 2023 WL 5011747 at *3. Accordingly, Plaintiff plausibly states that reasonable consumers would interpret the Product's representation of "hypoallergenic" as meaning the Product is "specifically formulated to minimize the risk of allergic reactions and is free from common allergens." (Compl. ¶ 5.) Because the Product allegedly contains a common allergen, Plaintiff plausibly shows that "members of the public are likely to

---

[3] Defendant also argues that *Souter* is inapposite because Plaintiff has failed to identify an ingredient more specific than "fragrance." (Mot. at 12–13.) But Plaintiff is unable to provide any more detailed information because the Product's back label simply lists the ingredient as "fragrance." (*See* Compl. at 6.) Defendant is, in effect, demanding information that it does not provide to the public, and then arguing that failure to furnish such information is cause for dismissal. Defendant also does not explain why a more particular allegation is necessary for *Souter* to be on point.

be deceived" by the Product's claim of being "hypoallergenic."  See *McGinity*, 69 F.4th at 1097 (internal quotations and citation omitted); Compl. ¶ 4.

Defendant contends that the front label's inclusion of the term "Fresh Scent" creates ambiguity such that the Court must consider the back label's inclusion of "fragrance" as an "inactive ingredient. (*Mot*. at 11–12 (citing *McGinity*, 69 F.4th at 1099).)  A court may only consider the back label if a reasonable consumer would necessarily require more information before they could reasonably conclude that the front label was making a specific representation.  See *Whiteside*, 108 F.4th at 780. Defendant argues that a reasonable consumer would interpret "Fresh Scent" as meaning the Product contained fragrance, which would create ambiguity with the reasonable consumer's understanding of "hypoallergenic." (*Id*. at 12.)  Although in the Court's view this is a close question, for purposes of this motion, the Court accepts that the Product's representation of "hypoallergenic" is unambiguous: it tells the consumer that the Product is free of common allergens.  The term "Fresh Scent" does not, as a matter of law, create ambiguity regarding this representation.  As Plaintiff states, a reasonable consumer might interpret "Fresh Scent" to mean the Product does not have an "off-putting smell" or "smells pleasant." (Opp'n at 15, ECF No. 11.)  Moreover, the reasonable consumer standard "is evaluated from the perspective of the ordinary consumer within the larger population, who is not typically exceptionally acute or sophisticated or wary and suspicious of advertising claims."  *Souter*, 2023 WL 5011747, at *1 (cleaned up).  From this vantage point, the inclusion of "Fresh Scent" does not change the finding that a reasonable consumer would believe that "hypoallergenic" was making a specific representation about the Product.  Accordingly, because reasonable consumers would not require more information before concluding the front label was making a specific representation, the Court cannot consider the back label.  See *Whiteside*, 108 F.4th at 780.

Because the Court rejects each of Defendant's arguments regarding Plaintiff's fraud-based allegations, the Court denies Defendant's motion as to Plaintiff's UCL,

FAL, CLRA, unjust enrichment, and fraud by omission/ intentional misrepresentation claims.

## II. Express and Implied Warranty

Defendant asks the Court to dismiss Plaintiff's express and implied warranty claims for failure to comply with California law.  (Mot. at 13.)  California Commercial Code Section 2607 provides that a plaintiff must "within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy."  Cal. Com. Code § 2607(3)(A).  "This notice requirement is designed to allow the seller the opportunity to repair the defective item, reduce damages, avoid defective products in the future, and negotiate settlements." *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 135 (2008). California Commercial Code Section 1205 states, "Whether a time for taking an action required by this code is reasonable depends on the nature, purpose, and circumstances of the action."  Cal.  Comm. Code § 1205(a).  "The question whether notice was properly given must be determined from the particular circumstances and, where but one inference can be drawn from undisputed facts, the issue may be determined as a matter of law."  *Cardinal Health*, 169 Cal. App. 4th at 136–37 (cleaned up).

Plaintiff sent Defendant a demand letter on September 30, 2024.  (Mot. at 13 (citing Michael Healy Decl. ¶ 3, ECF No. 9-2).)  Plaintiff does not specify when in 2022 she purchased the Product.  (Compl. ¶ 7).  More importantly, she does not allege when she learned about the breach (i.e. the Product containing fragrance).  Without further allegations regarding the nature and circumstances of the time between discovery of breach and Plaintiff's notice, the Court is unable to conclude whether it is plausible that Plaintiff provided notice within a reasonable time as required by California law.

Because Plaintiff fails to allege the circumstances that allow the Court to determine if notice was reasonable as a matter of law, the Court grants Defendant's

9

motion as to Plaintiff's express warranty and implied warranty claims. Leave to amend is granted because Plaintiff could save these claims by amendment. *See Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007).

### III. Equitable Remedies

Defendant opposes two forms of relief that Plaintiff seeks in her Prayer for Relief. (*See* Compl. at 21–22.) First, Defendant contends that Plaintiff cannot seek restitution. (Mot. at 14–15.) Defendant cites several cases, none of which support dismissing a claim for restitution upon a motion to dismiss. *See id.* (citing *Kenney v. Fruit of the Earth, Inc.*, No. 23-55583, 2024 WL 4578981, at *1 (9th Cir. Oct. 25, 2024) (affirming the district court's order granting summary judgment on plaintiff's equitable claims in favor of defendants because monetary damages were an adequate legal remedy); *Leslie v. Gen. Motors LLC*, No. 1:24-CV-00915-JLT-SAB, 2024 WL 4190072, at *7 (E.D. Cal. Sept. 13, 2024) (holding that plaintiff did not have standing to seek injunctive relief); *Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 839 (E.D. Cal. 2024) (same); *Guzman v. Graham Packaging Co., L.P.*, No. 2:24-CV-00498-TLN-AC, 2024 WL 4289581, at *6 (E.D. Cal. Sept. 25, 2024) (dismissing UCL claim where plaintiff did not allege she lacked an adequate remedy at law)). To seek equitable remedies at the pleading stage, a plaintiff need only allege that they might lack an adequate remedy at law. *See Valiente v. Simpson Imports, Ltd.*, 717 F. Supp. 3d 888, 906–07 (N.D. Cal. 2024) (collecting cases). Plaintiff satisfies this requirement by alleging that available legal remedies "are inadequate because they are not equally prompt, certain, or efficient as equitable relief." (Compl. ¶ 84.)

Second, Defendant argues that Plaintiff does not have standing to seek injunctive relief. (*See* Mot. at 15–16.) The Ninth Circuit held that a plaintiff has standing to seek an injunction against a product's misleading representation where "the plaintiff faces an actual and imminent threat of future injury." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 968 (9th Cir. 2018). The court explained, "In some cases, the threat of future harm may be the consumer's plausible allegations

that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to. . . . In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 969-70.

Here, Plaintiff alleges that it is "possible" that she "would purchase the Product in the future if the representations were truthful" because she "continues to buy similar products in the marketplace." (Compl. ¶ 47.) Plaintiff also alleges that she "remains interested in purchasing similar healing jelly products that are truly hypoallergenic. However, she cannot know for certain whether the false labeling of the Product has been or will be corrected." (*Id.* ¶ 10.) These allegations not only satisfy the requirement outlined in *Davidson* but, in fact, are the precise examples the court provided that would establish standing for injunctive relief. *See Davidson*, 889 F.3d at 969-70.

Accordingly, the Court denies Defendant's motion as to Plaintiff's request for equitable remedies.

## IV. Nationwide Class

Finally, Defendant asks the Court to limit the putative class to claims under California law on behalf of other California consumers (i.e. exclude consumers outside California). (Mot. at 6-8.) To determine the scope of the class in this action, the Court would need to conduct a case-specific choice-of-law analysis that it cannot undertake at this time because it does not know the "facts and circumstances" of the proposed class. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589-94 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (whether out-of-state class members must pursue claims under their own states' consumer protection statutes instead of California's depends on a multi-stage choice-of-law analysis specific to the "facts and

11

circumstances" of the particular case).  This determination is proper upon a motion for class certification, not a motion to dismiss, and thus it would be premature for the Court to dismiss class claims at this stage.  *Accord Watson*, 736 F. Supp. 3d at 849.  Accordingly, the Court denies Defendant's motion as to Plaintiff's nationwide class claims.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 9) is GRANTED IN PART and DENIED IN PART.  Specifically, the Court dismisses with leave to amend Plaintiff's express warranty and implied warranty claims.

If Plaintiff elects to file an Amended Complaint, she must do so within twenty-one (21) days of this Order.  Defendant shall file its response to the Amended Complaint within twenty-one (21) days after Plaintiff files an Amended Complaint or after the time to amend has passed, whichever occurs first.

IT IS SO ORDERED.

Dated:  **June 4, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE